IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01533-BNB

JOHN J. McCARTHY,

    Petitioner,

v.

WARDEN,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 9 2010

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Petitioner John J. McCarthy is a prisoner in the custody of the United States Bureau of Prisons at the Federal Detention Center in Englewood, Colorado. Mr. McCarthy initiated this action by filing *pro se* a "Petition for an Application for Coram Nobis Relief or Writ of Audita Querela Relief." On July 6, 2010, Mr. McCarthy filed an "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241."

The Court must construe the documents filed by Mr. McCarthy liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. McCarthy alleges that he is serving a federal sentence of 235 months in prison pursuant to his conviction in case number 92-CR-70 (PCD) in the United States District Court for the District of Connecticut. Mr. McCarthy challenges the validity of the

District of Connecticut conviction on the grounds that he was denied counsel at two critical stages in his trial. He alleges that he has raised the denial of counsel claim in the sentencing court in a motion pursuant to 28 U.S.C. § 2255 and that the sentencing court did not rule on that claim.

As noted above, Mr. McCarthy initiated this action by filing a petition seeking either a writ of coram nobis or a writ of audita querela and he subsequently filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. McCarthy has attached a copy of the original coram nobis/audita querela petition to the habeas corpus application and he specifically refers to the coram nobis/audita querela petition in support of his claims in the habeas corpus application. Upon consideration of both pleadings, the Court concludes that Mr. McCarthy may not pursue his denial of counsel claim in this Court.

In order to consider whether Mr. McCarthy may pursue his claim in this Court in this action, it is useful to provide some background information regarding coram nobis and audita querela writs.

> Writs of audita querela and coram nobis "are similar, but not identical." *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991). Usually, a writ of coram nobis is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." *Id*. By contrast, a writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *Id*. Rule 60(b) of the Federal Rules of Civil Procedure formally abolished both writs. *United States v. Beggerly*, 524 U.S. 38, 45, 118 S. Ct. 1862, 141 L. Ed.2d 32 (1998); Fed. R. Civ. P. 60(b) (both stating that writs of coram nobis and audita querela were abolished by Rule 60(b)). However, the Supreme Court held in *United States v.*

2

> *Morgan*, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954), that the writ of coram nobis could still be pursued in the criminal contexts under the All Writs Act. At least four of our sister circuits have questioned whether audita querela may also be used "to vacate an otherwise final criminal conviction" under the All Writs Act, but have assumed, "without deciding, that in some set of circumstances audita querela might appropriately afford post-conviction relief to a criminal defendant." *Reyes*, 945 F.2d at 865 (collecting cases). Like these courts, we assume for purposes of this case only that a prisoner may seek a writ of audita querela under the All Writs Act.

*United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002).

It appears that audita querela relief is not appropriate because Mr. McCarthy's claim that he was denied counsel would render his conviction invalid at the time it was entered. It also appears that coram nobis relief is not appropriate because Mr. McCarthy alleges he is serving the District of Connecticut sentence and "a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis." *Id.* at 1245.

More importantly, whether Mr. McCarthy is seeking coram nobis, audita querela, or habeas corpus relief based on the alleged denial of counsel in his criminal case, he may not challenge his District of Connecticut conviction in this Court because "[c]ollateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings." *Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986). Therefore, "an action attacking a federal criminal conviction should be brought in the district court that rendered the conviction, at least so long as a remedy is available there." *Id.*; *see also Torres*, 282 F.3d at 1245 (noting that a writ of audita querela is

3

not available when other remedies, such as a motion to vacate under 28 U.S.C. § 2255, exist); *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam) (stating that "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255"). In determining whether a remedy is available in the sentencing court under § 2255, the Court must keep in mind that relief under § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. McCarthy fails to demonstrate that he lacks an adequate and effective remedy in the sentencing court for challenging his District of Connecticut conviction. He does assert that the District of Connecticut did not rule on his denial of counsel claim when he raised that claim in a § 2255 motion. However, a November 18, 2009, order of the United States Court of Appeals for the Second Circuit, which is attached to the petition as exhibit A, indicates the denial of counsel claim was rejected as frivolous. More specifically, the Second Circuit denied Mr. McCarthy's motion to expand the certificate of appealability because the denial of counsel claim already was included in the district court's order granting a certificate of appealability, and the Second Circuit dismissed Mr. McCarthy's appeal because it lacked an arguable basis in law or fact. Under these circumstances, Mr. McCarthy cannot demonstrate that the remedy available to him in the sentencing court pursuant to § 2255 is inadequate or ineffective. *See Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam) (stating that a failure to obtain relief under § 2255 in the sentencing court does not establish that the remedy provided in § 2255 is inadequate or ineffective). Accordingly, it is

ORDERED that the "Petition for an Application for Coram Nobis Relief or Writ of Audita Querela Relief" filed on June 29, 2010, and the "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" filed on July 6, 2010, are denied and the action is dismissed without prejudice because Petitioner's claim challenging the validity of his conviction may not be raised in this Court.

DATED at Denver, Colorado, this __9th__ day of __July__, 2010.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01533-BNB

John J. McCarthy
Reg. No. 38051-066
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7|9|10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk